### Commonwealth v. Rider

*Allen E. Ertel,* District Attorney, for Commonwealth.

*J. Frederick Mehr,* for defendant.

WOOD, J., July 9, 1971.—Defendant has appealed his summary conviction for hunting without a license in violation of section 316 of the Game Law of June 3, 1937, P. L. 1225, art. III, sec. 316, as amended by the Act of June 24, 1939, P. L. 810, sec. 1, 34 PS §1311.316. The appeal has been heard de novo. Defendant contends that he is exempt from the hunting license requirement by section 317 of the Game Law which provides that:

"Unless the right to procure a license or to hunt or trap anywhere within the Commonwealth has been denied under the provisions of this act, *any citizen* of the United States residing within this Commonwealth *who is regularly and continuously engaged in cultivating the soil for general farm crop purposes,* commercial truck growing, commercial orchards or commercial nurseries, as either the owner or lessee or tenant of said lands, or as a member of the family or household or regularly hired help of such owner or lessee or tenant *shall be eligible to hunt and trap on said lands,* including the woodlands connected therewith and operated as a part thereof, without a resident hunter's license or an archery license, if *such owner,* lessee, tenant, member of the family or household or hired help *resides in a dwelling situated upon the property so being cultivated and shall have continuously resided thereon and assisted in the cultivation of said land for a period of sixty or more days prior to the general open hunting or trapping season.*

"Any of the persons enumerated above who shall be eligible to hunt or trap on certain lands without securing a resident hunter's license or an archery license, also may, by and with the written consent of the owner or lessee thereof, hunt or trap upon any lands other than those publicly-owned which lie immediately adjacent and are connected with the lands upon which such persons may lawfully hunt or trap without securing a license." Act of June 3, 1937, P. L. 1225, art. III, sec. 317; as amended by the Acts of July 8, 1941, P. L. 286, sec. 1: June 14, 1957, P. L. 307, sec. 1; June 8, 1961, P. L. 278, sec. 1, 34 PS §1311.317. (Italics supplied.)

Defendant's appeal requires determination of the scope of the section 317 exemption. We must decide whether defendant, as owner of cultivated farm land, may hunt on that land without a license if he does not reside on the land and if it is the only land on which he is regularly and continuously engaged in cultivation of the soil for general farm crop purposes.

## FINDINGS OF FACT

We adopt as our findings of fact the following uncontroverted evidence:

1. Defendant resides in the Borough of Hughesville on a residential parcel owned by him, on which he maintains a home garden.

2. Defendant owns and cultivates a farm parcel in nearby Wolf Township, but does not live there.

3. Defendant was hunting on the Wolf Township property without a hunting license on the day of his arrest.

## DISCUSSION

Section 317 provides that the owner of cultivated farm land shall be eligible to hunt on that land if he resides on "the property so being cultivated . . ."

Defendant's first argument in support of his appeal is based on the case of Commonwealth v. Henckel, 40 D. & C. 337 (Fayette Co., 1941), in which the court held that the residential requirement of the act did not apply to an owner. This argument cannot prevail, due to the fact that the act, as amended, clearly establishes residence on the cultivated parcel as an exemption requirement. In this regard, see section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551.

Defendant also cites Commonwealth v. Wolfe, 39 D. & C. 2d 288 (Cumberland Co., 1966), for the proposition that the legislature did not intend to establish an absolute residential requirement for exemption. Such may be the import of Wolfe. However, the only determination Wolfe made was that the prohibition against hunting does not apply to a parcel of land which is a part of one cultivation enterprise involving two or more parcels. Defendant's claim that Wolfe applies is based on the fact that he maintains a small private garden at his home. We do not regard defendant's home garden as being the cultivation of the soil for "general farm crop purposes." See section 317, as amended.

We conclude that defendant was not entitled to hunt on his farm premises without a license. As we view it, the section 317 exemption relates to the traditional, solitary farm life of times past and not to a more contemporary arrangement such as that of defendant. Enlargement of the exemption is not a judicial prerogative.

### VERDICT AND SENTENCE

And now, July 9, 1971, we adjudge defendant guilty. He is sentenced to pay a fine in the amount of $20 and to pay the costs of prosecution.